In the Matter of the Claim of ELMER ROSNER, Respondent, v. SULLIVAN FUEL & HEATING SERVICE et al., Respondents. In the Matter of the Claim of ELMER ROSNER, Respondent, v. SULLIVAN FUELS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. While working for different employers claimant sustained successive industrial accidents, the first of which occurred in 1959 and the second in 1962. For the disability arising from the first accident the board made an award to claimant of the statutory minimum weekly sum of $20 (Workmen's Compensation Law, § 15, subd. 6, par. [c]) from which the employer has not appealed. The disablement which followed the second injury was found to be attributable to both accidents, a finding not disputed, and liability for the payment of an ensuing award of $12.55 per week for reduced earnings was charged against both employers and their respective carriers equally. Essentially, appellants, the second employer and its carrier, take exception to the board's separation of liability for each accident based on differently allocated weekly wage rates. Their argument runs that the over-all award for both disablements should be fixed at two thirds of the difference between claimant's average weekly wages at the time of the occurrence of the first injury and the amount earned after the second accident or $24, the respondent employer and carrier charged with the payment of $20 thereof and the balance of $4 regarded as the increase in the weekly compensation rate resulting from the second accident to be prorated equally between the employers. The board's use of the average weekly wage rate established for the second disablement as the basis for determining the award for the cumulative disability to which each accident contributed has support in the decisional law. (*Matter of Crawley* v. *Failla*, 6 N Y 2d 57.) Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.